UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MELVIN COOLEY, JR.**,

      Plaintiff,               Case No.
                                      Hon.

vs.

**WAYNE COUNTY; WAYNE
COUNTY SHERIFF'S DEPARTMENT;
WELLPATH, LLC; RAYMOND
ZIOLKOWSKI**, Individually and in his
Official Capacities; and **JANE DOE**,
Individually and in her Official
Capacities, Jointly and Severally,

      Defendants.

_____/

**MILLER COHEN, P.L.C.**
Richard G. Mack, Jr. (P58657)
Jeff A. DeLaunay (P87821)
*Attorneys for Plaintiff*
7700 Second Ave
Detroit, MI  48202
(313) 566-4787 Phone
(313) 964-4490 Fax
richardmack@millercohen.com
jdelaunay@millercohen.com

_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is no other civil action
pending in this Honorable Court or
any other Court arising out of the
same transaction and occurrence.

*/s/Richard G. Mack*

**NOW COMES** Plaintiff, **MELVIN COOLEY JR.**, by and through his attorneys, **MILLER COHEN P.L.C.**, and for his Complaint against Defendants, **WAYNE COUNTY; WAYNE COUNTY SHERIFF'S DEPARTMENT (WCSD); WELLPATH, LLC; RAYMOND ZIOLKOWSKI**, Individually and in his Official Capacities; and **JANE DOE**, Individually and in her Official Capacities, (hereinafter "Defendants"), states the following:

## INTRODUCTION

This is a civil rights action under 42 U.S.C. § 1983 resulting from events that occurred during the detention of Melvin Cooley Jr., Plaintiff, at the Wayne County Jail in Detroit, Michigan from approximately April 17, 2023 to April 25, 2023. Mr. Cooley seeks relief for the Defendants' violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, The Americans with Disabilities Act (ADA), § 504 of The Rehabilitation Act (Rehab Act), and for State tort claims. Mr. Cooley seeks money damages, an award of costs, interest, and attorney fees, and such other and further relief this Court deems just and proper for the failure to provide adequate medical care while Mr. Cooley was incarcerated and under the Defendants' care.

Mr. Cooley is paraplegic and does not have use of his lower extremities. As such, Mr. Cooley requires a catheter for urination and certain other accommodation

2

for bowel management and other serious medical needs. Defendants were aware of these needs as Mr. Cooley was originally rejected by Detroit Detention Center (DDC) staff for booking because they did not have the capability or medical supplies to meet these needs. Mr. Cooley was taken to Henry Ford Emergency Room where he was prescribed and provided with the catheters and other equipment and medications he needed to be booked. After his bond hearing, Mr. Cooley was moved to the Wayne County Jail.

During his stay in Wayne County Jail, Mr. Cooley was denied access to the medical supplies he was prescribed. Specifically, he was provided with one catheter to reuse and was instructed by Defendants to wash it out with soap and tap water after each use. He was allowed only one small tube of lubricating analgesic gel to help with the pain of inserting the catheter and decrease the risk of infection. Moreover, he was not allowed to shower. This inhumane denial of medically necessary care and basic hygiene ultimately caused Mr. Cooley to contract a potentially life-threatening infection. This denial of care was a blatant violation of the constitutional proscriptions against cruel and unusual punishment, constitutes disability discrimination under multiple federal and state laws, and was a tort upon Mr. Cooley, who now seeks redress for his injuries caused by defendants' deliberate indifference.

## PARTIES

1.      Plaintiff Melvin Cooley Jr. is an individual who resides in Hamtramck, Michigan, Wayne County.

2.      Defendants, Wayne County and the Wayne County Sheriff's Department (WCSD) are government entities or subdivisions of the State of Michigan.

3.      Wellpath, LLC (Wellpath) is a foreign limited liability company, with its headquarters in Nashville, Tennessee that has significant contacts with, and transacts business in, the State of Michigan.

4.      At all relevant times to this lawsuit, Defendant Raymond Ziolkowski was an Officer with the Detroit Police Department.

5.      At all relevant times to this lawsuit, Defendant Jane Doe, was the head nurse at the Wayne County Jail, to be specifically identified during this litigation process, who was charged with providing medical care and protecting the health and wellbeing of Plaintiff while in custody and failed to do so, was employed by Defendant Wellpath and acting within the scope of employment, and is believed to be a resident or administratively located within the Eastern District of Michigan. When the identity of this individual who violated Plaintiffs constitutional, statutory and common law rights becomes known, Plaintiff will amend this complaint by naming that party as a proper defendant.

## JURISDICITON AND VENUE

6.      This Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 1983 pursuant to Amendment VIII to the U.S. Constitution, 42 U.S.C. § 12101 *et seq*., and 29 U.S.C. § 701 *et seq*., pursuant to 28 U.S.C. § 1331.

7.      Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

8.      This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

9.      Plaintiff incorporates the above paragraphs by reference.

10.     Melvin Cooley Jr. is paraplegic and confined to a wheelchair.

11.     Mr. Cooley has sensation in his groin area.  He can feel pain there, if events cause him to experience pain.

12.     Mr. Cooley requires, inter alia, a catheter to urinate and other medical care and equipment for bowel management and general wellbeing.

13.     Mr. Cooley's catheter needs are approximately one new catheter every three to four hours.

14.     Mr. Cooley was arrested on a warrant on April 17, 2023 by the Detroit Police Department.

15.     Upon information and belief, defendant Raymond Ziolkowski was the arresting officer.

16.     This arrest lead to Mr. Cooly being incarcerated in Wayne County and WCSD's facilities for approximately seven days, from April 17, 2023, through April 25, 2023.

17.     During this period of incarceration Mr. Cooley was under the custody and care of Defendants Wayne County, WCSD, Wellpath, and Nurse Jane Doe.

18.     During his arrest on April 17, 2023, Mr. Cooley invoked his constitutional right to remain silent and refused to provide a statement.

19.     During the arrest, Officer Ziolkowski confiscated Mr. Cooley's backpack, which contained all of his medically necessary supplies, including sterile catheters.

20.     Mr. Cooley raised concerns at this time about the very serious risks to his health and wellbeing if he was without those medically necessary supplies. Those concern were ignored by Officer Ziolkowski.

21.     Upon arrest, Mr. Cooley was taken to DDC for processing.

22.     DDC did not have the means to house or care for Mr. Cooley due to his medical needs.

23.     While the arresting officers were waiting outside the entrance gate to DDC trying to determine what to do with Mr. Cooley, Officer Ziolkowski exited his vehicle and approached the window of the vehicle in which Mr. Cooley was seated.

24.     When Mr. Cooley asked about his medical supplies, Officer Ziolkowski told him that he would give him his medically necessary supplies if Mr. Cooley would waive his constitutionally protected right to remain silent and provide a statement.

25.     Mr. Cooley refused this unconstitutional attempt at coercion.

26.     Wayne County Jail also would not accept Mr. Cooley without the medical supplies necessary for his care.

27.     Mr. Cooley was transported to Henry Ford Hospital Emergency Room to get the medical care and supplies he needed to be booked into Wayne County Jail.

28.     At Henry Ford, Mr. Cooley was prescribed and provided with approximately 12 catheters, lubricating analgesic gel, sterile gloves and some of his necessary medications.

29.     Mr. Cooley was then transported and booked into Wayne County Jail.

30.     Upon arriving at Wayne County Jail, the intake officer asked Mr. Cooley where his medication and supplies were to which he replied that the police officers had confiscated his backpack.

31.     The intake personnel then went to confer with the police officers that transported Mr. Cooley to the jail, presumably to inquire about Mr. Cooley's medical supplies.

32.     When the intake officer came back, they had an entirely different attitude towards Mr. Cooley and no longer seemed concerned with his very real and serious medical needs.

33.     Mr. Cooley was then brought to the medical floor of the jail.

34.     The head nurse of the jail, Jane Doe, refused to provide medically necessary care and was deliberately indifferent to Mr. Cooley's healthcare needs.

35.     Mr. Cooley was provided with one catheter by Jane Doe.

36.     When Mr. Cooley asked what he was supposed to do when he needed a new catheter, Jane Doe told him to wash that one out with soap and tap water.

37.     When Mr. Cooley raised concerns about the increased risk of infection from reusing catheters, Jane Doe demonstrated deliberate indifference to his concerns.

38.     Mr. Cooley was provided with one set of gloves, which he also had to reuse when washing out the single catheter provided by Defendants Wayne County, WCSD, Wellpath and Jane Doe.

39.     The reuse of gloves further increased his risk of infection.

40.     Mr. Cooley was not provided with any of the lubricating analgesic gel that was prescribed to him by the hospital to facilitate insertion of the catheter.

41.     Inserting his catheter without analgesic lubrication increased his risk of urethral tissue damage, pain and infection.

42.     Inserting the same non-sterile catheter over and over without analgesic lubricating gel caused Mr. Cooley so much pain that he decided to forgo inserting the catheter sometimes, resulting in him being forced to urinate upon himself.

43.     Despite this, Defendants Wayne County, WCSD, Wellpath and Jane Doe also denied Mr. Cooley the ability to shower, which further increased his risk of infection.

44.     Showering and other basic hygiene was critical to help lower the substantially increased risk of infection as Mr. Cooley would be handling the same catheter repeatedly, which would inevitably come into contact with various parts of his body where different pathogens were likely to be introduced to a process that is supposed to be sterile.

45.     The hospital also prescribed a commode chair to aid Mr. Cooley's bowel management, which Defendants Wayne County, WCSD, Wellpath and Jane Doe denied him.

46.     WCSD, acting under the authority of Wayne County, and Jane Doe acting within the scope of her employment by Wellpath denied Mr. Cooley these prescribed medical supplies, allowing them to sit on the nurses' station, which was in plain view of Mr. Cooley's cell, for the duration of his incarceration at Wayne County Jail.

47.    The act of refusing to provide medically necessary and prescribed equipment to Mr. Cooley while leaving it within view was a deliberate attempt by defendants Wayne County, WCSD, Wellpath and Jane Doe to inflict psychological, emotional and spiritual harm upon Mr. Cooley.

48.    Mr. Cooley was unable to have a bowel movement during his incarceration at Wayne County Jail, due to defendants Wayne County, WCSD, Wellpath and Jane Doe's deliberate indifference to his serious medical needs, causing him incredible pain and discomfort.

49.    While incarcerated at Wayne County Jail, Mr. Cooley noticed blood in his urine, caused by the deliberate indifference of defendants Wayne County, WCSD, Wellpath and Jane Doe in their denial of medically necessary care.

50.    On or about April 25, 2023, Mr. Cooley was released from Wayne County Jail on a medical tether.

51.    Mr. Cooley noticed further discoloration in his urine.

52.    Mr. Cooley subsequently was diagnosed with an infection.

53.    Upon information and belief, this potentially life-threatening infection was a direct result of defendants Wayne County, WCSD, Wellpath and Jane Doe deliberate indifference to Mr. Cooley's serious medical needs.

54.    Mr. Cooly was immediately admitted for surgery.

55.     Before being incarcerated at Wayne County Jail, and being subjected to inhumane treatment and the denial of medically necessary care by defendants Wayne County, WCSD, Wellpath and Jane Doe, Mr. Cooley had never had an infection issue caused by or related to catheter use.

56.     After surgery, Mr. Cooley required in-patient rehab care.

57.     After leaving rehab care, Mr. Cooley received weeks of in-home care that required applications of wound vacs and multiple nursing visits per week.

58.     Defendant WCSD operates the Wayne County Jail under the authority of Defendant Wayne County.

59.     Defendant Raymond Ziolkowski is a police officer employed by the City of Detroit, and was acting under the color of state law when he violated Mr. Cooley's constitutional rights.

60.     Jane Doe was an employee of Wellpath, which provided health care services to Wayne County Jail under contract, and was acting within the scope of her employment, based on the policies and practices of Wellpath, and under the color of state law when she violated Mr. Cooley's constitutional, statutory and common law rights.

61.     Defendants were served with the Notice of Intent to sue as required by MCL 600.2912b(1). Exhibit A.

62.    All defendants failed to respond as required by MCL 600.2912b(7).

63.    An Affidavit of Merit as required by MCL 600.2912d is attached. Exhibit B.

### COUNT I
### VIOLATION OF 42 U.S.C. § 1983 PURSUANT TO U.S. CONSTITUION AMENDMENT VIII AS INCORPORATED TO THE STATE BY THE XIV AMENDMENT
*Against defendants Wayne County, Wayne County Sheriff's Department, Jane Doe and Wellpath*

64.    Plaintiff repeats and realleges all preceding paragraphs as if set forth fully herein.

65.    At all relevant times, Plaintiff had the constitutionally protected right to be free from cruel and unusual punishment pursuant to the VIII Amendment as incorporated and applied to the State of Michigan by the XIV Amendment, to receive adequate medical care while in the custody and control of Defendants, and to be free from deliberate indifference to his medical needs.

66.    Defendants Wellpath and Jane Doe were instrumentalities of, and acting pursuant to the authority of, Wayne County and WCSD at all relevant times.

67.    At all relevant times, Jane Doe was acting in her official capacity as head nurse at Wayne County Jail and within the scope of her employment as an

employee of Wellpath, which was contractually obligated to provide Mr. Cooley with necessary medical care.

68.     Upon information and belief, Wayne County, WCSD and Wellpath maintained constitutionally deficient policies and procedures that were inadequate to protect Mr. Cooley from serious medical consequences. Ex. A.

69.     Upon information and belief, the unconstitutional conduct alleged herein was carried out in accordance with the official policies, procedures, and customs of Wayne County, Wellpath and WCSD. Ex. A.

70.     Mr. Cooley was denied constitutional rights, including but not limited to the right to be free from cruel and unusual punishment, by defendants Wayne County, WCSD, Wellpath and Jane Doe, acting under the color of State law, in violation of said constitutional protections.

71.     Defendants Wayne County, WCSD, Wellpath and Jane Doe's treatment of Mr. Cooley while under their custody constitutes deliberate indifference to his serious medical needs.

72.     Deliberate indifference to the serious medical needs of Plaintiff constitutes the unnecessary and wanton infliction of pain without penological justification that is proscribed by the VIII Amendment to the U.S. Constitution.

WHEREFORE Plaintiff respectfully requests this Honorable Court to enter a judgment, holding Defendants liable for compensatory and punitive damages, an

award of costs, interest, and attorney fees, and such other and further relief this Court deems just and proper for the deliberate indifference to Plaintiff's serious medical needs while in Defendants' custody.

## COUNT II
## <u>VIOLATION OF TITLE II OF THE</u>
## <u>AMERICANS WITH DISABILITES ACT</u>
*Against defendants Wayne County, Wayne County Sheriff's Department, Jane Doe and Wellpath*

73.     Plaintiff restates and realleges all preceding paragraphs as if set forth fully herein.

74.     Mr. Cooley is paraplegic, a qualified disability under the Americans with Disabilities Act (ADA) 42 U.S.C. § 12131 *et seq*., and as such, he was entitled to receive medical care and access to medical programs necessary to meet his serious medical needs.

75.     Defendants Wayne County and WCSD are public entities as defined by the ADA.

76.     Defendants Wellpath and Jane Doe were instrumentalities of, and acting pursuant to the authority of, Wayne County and WCSD at all relevant times.

77.     At all relevant times, Jane Doe was acting in her official capacity as head nurse at Wayne County Jail and within the scope of her employment as an employee of Wellpath, which was contractually obligated to provide Mr. Cooley with medical care.

78.     Defendants Wayne County, WCSD, Wellpath and Jane Doe discriminated against Mr. Cooley by denying him medical care necessary to meet his serious medical needs, including sterile catheters, lubricating analgesic gel, gloves, a commode chair and other medical equipment and services.

79.     Defendants Wayne County, WCSD, Wellpath and Jane Doe discriminated against Mr. Cooley by denying him access to medical programs necessary to meet his serious medical needs.

80.     Defendants Wayne County, WCSD, Wellpath and Jane Doe discriminated against Mr. Cooley by refusing to allow him to shower because he is wheelchair bound, denying him access to maintain basic hygiene and increasing the likelihood of infection.

81.     Defendants Wayne County, WCSD, Wellpath and Jane Doe discriminated against Mr. Cooley by denying him a commode chair necessary for bowel management, causing extreme pain and discomfort.

82.     Defendants Wayne County, WCSD, Wellpath and Jane Doe discriminated against Mr. Cooley by demonstrating deliberate indifference to his serious medical needs.

83.     The deliberate refusal of defendants Wayne County, WCSD, Wellpath and Jane Doe to accommodate Mr. Cooley's disability-related needs in such fundamentals as medical care and hygiene constituted exclusion from

participation in, or denial of, the benefits of Wayne County Jail's services, programs or activities in direct violation Title II of the ADA.

WHEREFORE Plaintiff respectfully requests this Honorable Court to enter a judgment, holding Defendants liable for compensatory and punitive damages, an award of costs, interest, and attorney fees, and such other and further relief this Court deems just and proper for the deliberate indifference to Plaintiff's serious medical needs while in Defendants' custody.

## COUNT III
## VIOLATION OF SECTION 504
## OF THE REHAB ACT
*Against defendants Wayne County, Wayne County Sheriff's Department and Wellpath*

84. Plaintiff restates and realleges all preceding paragraphs as if set forth fully herein.

85. Mr. Cooley is paraplegic, a qualified individual with a disability under the Rehab Act, 29 U.S.C. § 705(20)(A), and as such, it was unlawful for Defendants to exclude him from access to medical care and programs necessary to meet his serious medical needs.

86. The health care services at issue, provided by and through defendants Wayne County, WCSD, and Wellpath, are public "Programs or Activities" as defined by the Rehab Act, 29 U.S.C. §794(b).

87.     Upon information and belief, defendants Wayne County, WCSD, and Wellpath receive funds from the federal government and are thus subject to the Rehab Act.

88.     Defendants Wayne County, WCSD, and Wellpath discriminated against Mr. Cooley by denying him the medical care necessary to meet his serious medical needs, including sterile catheters, lubricating analgesic gel, gloves and other medical equipment and services.

89.     Defendants Wayne County, WCSD, and Wellpath discriminated against Mr. Cooley by denying him access to medical programs necessary to meet his serious medical needs.

90.     Defendants Wayne County, WCSD, and Wellpath discriminated against Mr. Cooley by refusing to allow him to shower because he is wheelchair bound, denying him access to maintain basic hygiene and increasing the likelihood of infection.

91.      Defendants Wayne County, WCSD, and Wellpath discriminated against Mr. Cooley by denying him a commode chair necessary for bowel management.

92.     Defendants Wayne County, WCSD, and Wellpath discriminated against Mr. Cooley by demonstrating deliberate indifference to his serious medical needs.

93.     Defendants Wayne County, WCSD, and Wellpath's deliberate refusal to care for Mr. Cooley's disability-related needs in such fundamentals as medical care and hygiene constituted discrimination under, exclusion from, or denial of, the benefits of Wayne County Jail's programs or activities in direct violation of the Rehab Act.

WHEREFORE Plaintiff respectfully requests this Honorable Court to enter a judgment, holding Defendants liable for compensatory and punitive damages, an award of costs, interest, and attorney fees, and such other and further relief this Court deems just and proper for the deliberate indifference to Plaintiff's serious medical needs while in Defendants' custody.

## COUNT IV
### VIOLATION OF 42 U.S.C. § 1983 PURSUANT TO U.S. CONSTITUION AMENDMENT V AS INCORPORATED TO THE STATE BY THE XIV AMENDMENT
*Against defendant Raymond Ziolkowski*

94.     Plaintiff restates and realleges all preceding paragraphs as if set forth fully herein.

95.     Upon information and belief, Mr. Cooley invoked his constitutional right to remain silent after being placed in custody by defendant Ziolkowski.

96.     While the arresting officers were waiting outside the entrance gate to DDC trying to determine what to do with Mr. Cooley, Officer Ziolkowski exited

his vehicle and approached the window of the vehicle in which Mr. Cooley was seated.

97.    When Mr. Cooley asked about his medical supplies, Officer Ziolkowski told him that he would give him his medically necessary supplies if Mr. Cooley would waive his constitutionally protected right to remain silent and provide a statement.

98.    Mr. Cooley refused this unconstitutional attempt at coercion.

99.    Threatening to withhold or provide medically necessary care and equipment on the condition what an individual waive their constitutional rights in inherently coercive.

100.    Officer Ziolkowski's coercive tactics of indicating that he would provide Mr. Cooley his medically necessary supplies in exchange for a statement was a violation of Mr. Cooley's substantive Fifth Amendment and Fourteenth Amendment rights which creates a private right of civil action under 42 U.S.C. § 1983.

WHEREFORE Plaintiff respectfully requests this Honorable Court to enter a judgment, holding Defendant liable for compensatory and punitive damages, an award of costs, interest, and attorney fees, and such other and further relief this Court deems just and proper for the deliberate indifference to Plaintiff's serious medical

needs while in Defendants' custody and for the coercive violation of his constitutional right against self-incrimination.

## COUNT V
### GROSS NEGLIGENCE, INTENTIONAL, WILLFUL, AND WANTON CONDUCT CAUSING INJURY
*Against defendants Wayne County, Wayne County Sheriff's Department Jane Doe and Wellpath*

101.    Plaintiff restates and realleges all preceding paragraphs as if set forth fully herein.

102.    At all times relevant hereto, the Michigan Constitution, Michigan statutes, and/or Michigan common law imposes a duty upon defendants Wayne County, WCSD, Wellpath and Jane Doe and requires those defendants act with ordinary care and provide Mr. Cooley with adequate medical care.

103.    Defendants Wayne County, WCSD, Wellpath and Jane Doe breached this duty in at least the following ways:

   a. Failure to provide Mr. Cooly with the catheters prescribed by the hospital;

   b. Forcing Mr. Cooley to reuse a single catheter which he could not sterilize or sanitize;

   c. Failure to provide Mr. Cooley with the lubricating analgesic gel prescribed by the hospital;

d. Failure to provide Mr. Cooley with the commode chair prescribed by the hospital which was necessary for bowel management;

e. Failure to provide Mr. Cooley with enough gloves to minimize the risk of infection inherent in reusing the same catheter;

f. Providing Mr. Cooley with a fraction of the medical supplies he was prescribed by Henry Ford just prior to booking while the rest of the medically necessary supplies sat at the nurses' station unused in an attempt to inflict psychological, emotional and physical distress;

g. Prohibiting Mr. Cooley from maintaining general hygiene by refusing him showers which further increased the likelihood of infection;

h. Failing to provide the most basic medical care and demonstrating deliberate indifference to Mr. Cooley's serious medical needs.

104. As a direct and proximate result of the above-mentioned violations of Mr. Cooley's constitutional rights, he has sustained injuries, both emotional and physical, and is entitled to any and all damages identified and available under the Michigan Constitution, Michigan statutes, and common law.

105.    Defendants' Wayne County, WCSD, Wellpath and Jane Doe's conduct towards Mr. Cooley's serious medical needs was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

106.    Further, defendants Wayne County, WCSD, Wellpath and Jane Doe's conduct towards Mr. Cooley's serious medical needs was malicious or so willful and wanton that it demonstrates a reckless disregard for his rights under Federal, State and common law.

WHEREFORE Plaintiff respectfully requests this Honorable Court to enter a judgment, holding Defendants liable for compensatory and punitive damages, an award of costs, interest, and attorney fees, and such other and further relief this Court deems just and proper for the deliberate indifference to Plaintiff's serious medical needs while in Defendants' custody.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*Against defendants Wayne County, Wayne County Sheriff's Department Jane Doe and Wellpath*

107.    Plaintiff restates and realleges all preceding paragraphs as if set forth fully herein.

108.    Defendants Wayne County, WCSD, Wellpath and Jane Doe, by extreme and outrageous conduct, intentionally or recklessly caused Mr. Cooley severe emotional distress for which they are liable based on actions such as:

a.  Failure to provide Mr. Cooly with the sterile catheters prescribed by the hospital;

b.  Forcing Mr. Cooley to reuse a single catheter which he could not sterilize or sanitize;

c.  Failure to provide Mr. Cooley with the lubricating analgesic gel prescribed by the hospital;

d.  Failure to provide Mr. Cooley with the commode chair prescribed by the hospital which was necessary for bowel management;

e.  Failure to provide Mr. Cooley with enough gloves to minimize the risk of infection inherent in reusing the same catheter;

f.  Providing Mr. Cooley with a fraction of the medical supplies he was proscribed by the hospital while the rest of the medically necessary supplies sat at the nurses' station unused in an attempt to inflict psychological, emotional and physical distress;

g.  Prohibiting Mr. Cooley from maintaining general hygiene by refusing him showers which further increased the likelihood of infection;

h.  Failing to provide the most basic medical care and demonstrating deliberate indifference to Mr. Cooley's serious medical needs.

109.    The aforementioned extreme and outrageous conduct intentionally or recklessly caused Mr. Cooly bodily and other harm for which defendants Wayne County, WCSD, Wellpath and Jane Doe are liable.

WHEREFORE Plaintiff respectfully requests this Honorable Court to enter a judgment, holding Defendants liable for compensatory and punitive damages, an award of costs, interest, and attorney fees, and such other and further relief this Court deems just and proper for the deliberate indifference to Plaintiff's serious medical needs while in Defendants' custody

## COUNT VII
## MEDICAL MALPRACTICE
*Against defendants Wayne County, Wayne County Sheriff's Department Jane Doe and Wellpath*

107.    Plaintiff restates and realleges all preceding paragraphs as if set forth fully herein.

108.    Defendants, via its agents, ostensible agents and employees including but not limited to Jane Doe, when presented with a patient with the medical needs such as Mr. Cooley's owed a duty to, among other things:

   a. Provide Mr. Cooley with a new, sterile foley catheter for each use;

   b. Provide Mr. Cooley with sterile gloves for each self-catheterization;

      c.  Provide Mr. Cooley with sufficient analgesic gel for each sterile self-catheterization;

      d.  Allow Mr. Cooley to perform basic hygiene routines such as regular bathing, and especially bathing after urinating on himself;

      e.  Provide the medical supplies that were prescribed by the hospital prior to Mr. Cooley's booking into the Wayne County Jail.

107.   Defendants provided Mr. Cooley with one catheter and told him to reuse it and wash it out with bar-style hand soap and otherwise failed to provide the medical supplies and treatment, including access to hygiene supplies, which constitutes professional negligence/medical malpractice for which Defendants are Directly liable.

108.   Defendants' failure to satisfy the applicable standard of care was the proximate cause of injuries and damages sustained by Mr. Cooley.

109.   Defendants are vicariously liable for the actions and omissions of its agents, employees and contractors pursuant to the doctrine of *respondeat superior*.

## <u>REQUEST FOR RELIEF</u>

**WHEREFORE** Plaintiff respectfully requests this Honorable Court to enter a judgment, holding Defendant liable for compensatory and punitive damages, an award of costs, interest, and attorney fees, and such other and further relief this

Court deems just and proper for the deliberate indifference to Plaintiff's serious medical needs while in Defendants' custody.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Melvin Cooley Jr., by and through his attorneys, Miller Cohen, PLC, respectfully demand a trial by jury on all issues herein.

Respectfully submitted,

**MILLER COHEN, P.L.C**

/s/*Richard G. Mack*
Richard G. Mack (P58657)
Jeff A. DeLaunay (P87821)
*Attorneys for Plaintiff*
7700 Second Ave
Detroit, MI  48202
(313) 566-4787 Phone
(313) 964-4490 Fax
richardmack@millercohen.com
jdelaunay@millercohen.com

Dated: October 15, 2025